# EXHIBIT A

# EXHIBIT A

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

SHRIPAL D. SHAH,

    Plaintiff,

vs.

GOVIND, INC. and
MINA A. DESAI an Individual

    Defendants,

CIVIL ACTION FILE NO:
SU16CV1081-01

FILED IN OFFICE
2016 JUN -2 PM 3:49
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Christopher L. Meacham
Cody B. Gillies
MEACHAM & EARLEY, P.C.
5704 Veterans Parkway
Columbus, Georgia 31904
(706) 576-4064

an answer the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This __2__ day of __June__, 2016.

Clerk of Superior Court

By _____
Deputy Clerk

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

FILED IN OFFICE
2016 JUN -2 PM 3: 49
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

| | |
|---|---|
| SHRIPAL D. SHAH, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION FILE NO: _____ |
| GOVIND, INC. and MINA A. DESAI an Individual Defendants, | * |

## COMPLAINT

***COME NOW***, SHRIPAL D. SHAH, the Plaintiff, by and through his undersigned attorneys of record, and file this Complaint against GOVIND, INC. (hereinafter "Govind") a Corporation incorporated in the State of Georgia and MINA A. DESAI (hereinafter "Desai") an individual, and respectfully shows unto this Honorable Court as follows:

1.

Plaintiff Shripal D. Shah (hereafter "Shah") is a resident of the State of Georgia and submits himself to the Jurisdiction of this Honorable Court.

2.

The Defendant, Govind, is a Corporation incorporated in the State of Georgia. Govind is currently transacting business in the jurisdiction and venue of this Court, and service may be perfected upon its Registered Agent, Deborah Faye McCrory, at the following address: 443 Zeron Court, Columbus, Georgia 31907.

3.

The Defendant, Desai, is a resident of the State of Georgia and is the controlling shareholder and the current CEO, CFO and Secretary of Govind.

**4.**

As the CEO, CFO and Secretary of Govind, Desai has complete authority and control over Govind, and she exerted such domination over its policies, finances, and business practice, that the corporation did not have an identity independent of Desai. Upon information and belief Desai considered herself and Govind one and the same, treated Govind's bank account as her own, and operated Govind as her alter ego.

**5.**

The Plaza Motel is located at 3540 Victory Drive, Columbus, Georgia and is 100% owned and operated by Defendants.

**6.**

Based upon information and belief, at all material times relevant to this action, Govind was an enterprise covered by the Fair Labor Standards Act as defined by 29 U.S.C. § 201, et seq., (hereafter "FLSA"). Upon information and belief, Govind had an annual business dollar volume of at least $500,000.00.

**7.**

This action is brought pursuant to the FLSA to recover from the Defendants overtime compensation, liquidated damages, reasonable attorneys' fees and costs. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

**8.**

Govind has two or more employees of the enterprise individually engaged in commerce.

9.

Plaintiff was employed by Govind as the Manager of the Plaza Motel and acted as a full time employee at all times relevant to this Complaint.

10.

Govind is engaged in interstate commerce and was so engaged during Plaintiff's employment.

11.

Plaintiff was individually covered by the FLSA as he performed work for and at the direction of Defendants.

12.

As part of his employment Plaintiff was required by Defendants to operate the Plaza Motel 24 hours per day 7 days per week and routinely worked over 164 hours per week. Plaintiff's duties included letting rooms, maintenance of the property, housekeeping, security, and accounting for and managing money brought in through operation of the Plaza Motel.

13.

As the Manager of the Plaza Motel Plaintiff was also responsible for taking payments from tenants in the form of cash, check, and/or credit card payments, documenting each day's receipts and placing the receipts and ledgers in the possession of Defendant Desai's husband at the end of each week.

14.

Upon information and belief, Defendant Desai and/or her husband changed those above mentioned ledgers, deposits and/or the credit card payments for the Plaza Motel and appropriated certain funds for her own personal expenditures and use.

**15.**

Plaintiff shows that during his employment for Defendants he received an hourly wage for all duties and responsibilities to which he was assigned. Plaintiff was paid by Defendants as follows: *[handwritten: What was your pay in previous job?]*

15.1  Approximately $1.09 per hour or $800.00 per month from March, 2003 through December, 2007.

15.2  Approximately $1.25 per hour or $916.66 per month from January, 2008 through December, 2009.

15.3  Approximately $1.37 per hour or $1,000.00 per month from January, 2009 through December, 2014.

15.4  Approximately $1.54 per hour or $1,125.00 per month from January, 2015 through March, 2016.

**16.**

Plaintiff was economically dependent upon Defendants, as he had no investment in the business or any other employment relationships outside of Govind.

**17.**

Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, and control of Defendants. Plaintiff shows, however, that he customarily worked 164 hours per week as reflected in his personal records and paychecks.

**18.**

As Manager of the Plaza Motel, Plaintiff was required by Defendants to ensure the Motel was continuously staffed 24 hours per day 7 days per week. Plaintiff shows that at any time he

was away from the Motel, for any reason, he was required by Defendants to find and pay, out of his own wages, someone to carry out required duties in his absence. Plaintiff shows that his wife fulfilled those duties on multiple occasions, while at times when Plaintiff needed to be away from the Plaza Motel with his wife, Plaintiff paid a friend to fulfill those duties.

**19.**

Plaintiff worked for Defendants continuously, with no vacation during the first two (2) years of his employment, from March, 2003 through March, 2005. Thereafter, When Plaintiff took vacation he received no compensation from Defendants and was required by Defendants to find and pay someone, out of his personal funds, to attend to duties at the Plaza Motel while he was away. Plaintiff took the following vacations between March, 2005 and March, 2016.

19.1   2005 Plaintiff took two (2) weeks vacation.

19.2   2008 Plaintiff took four (4) weeks vacation.

19.3   2011 Plaintiff took two (2) weeks vacation.

19.4   2013 Plaintiff took two (2) weeks vacation.

19.5   2014 Plaintiff took two (2) weeks vacation.

19.6   2015 Plaintiff took two (2) weeks vacation.

**20.**

Based upon the foregoing, it is apparent that Defendants intentionally paid Plaintiff at a much lower rate than he was due pursuant to the FLSA for work he performed as the Manager of the Plaza Motel.

### 21.

Defendants knew, should have known, or exhibited reckless disregard as to the proper compensation for Plaintiff's job duties and work performance at the hourly rate prescribed by the federal minimum wage.

## CAUSES OF ACTION

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGE PURSUANT TO THE FAIR LABOR STANDARD ACT

### 22.

Plaintiff adopts and realleges paragraphs one through twenty-one of the Complaint herein and incorporates such paragraphs as if completely set forth.

### 23.

Plaintiff was employed by Defendants as Manager of the Plaza Motel and performed assigned duties working full time at all times relevant to this complaint.

### 24.

Plaintiff worked for Defendants 24 hours per day 7 days per week. At the direction of Defendants, Plaintiff's residence was located at the Plaza Motel in order to serve customers and respond to emergencies at any time of day or night. The Plaza Motel reception office also served as Plaintiff's living room space in the attached apartment where Plaintiff resided at the direction of the Defendants.

### 25.

During the term of his employment, March, 2003 through March, 2016, Plaintiff was compensated by the Defendants as follows:

25.1  Approximately $1.09 per hour or $800 per month from March, 2003 through December 2007 when Plaintiff worked over 164 hours per week. At that time

Plaintiff shows that pursuant to the FLSA the federal minimum wage was $5.15 per hour.

25.2  Approximately $1.25 per hour or $916.66 per month from January, 2008 through December, 2009 when Plaintiff worked over 164 hours per week. Plaintiff shows that pursuant to the FLSA the federal minimum wage at that time was $5.85 per hour.

25.3  Approximately $1.37 per hour or $1,000.00 per month from January, 2009 through December, 2014 when Plaintiff worked over 164 hours per week. Plaintiff shows that pursuant to the FLSA the federal minimum wage at that time was $6.55 per hour.

25.4  Approximately $1.54 per hour or $1,125.00 per month from January, 2015 through March, 2016 when Plaintiff worked over 164 hours per week. Plaintiff shows that pursuant to the FLSA the federal minimum wage at that time was $7.25 per hour.

### 26.

Based upon the foregoing, it is apparent that Defendants intentionally paid the Plaintiff at a much lower rate than he was due pursuant to the FLSA. Therefore, Defendants failed to compensate Plaintiff at a rate equal to the federal minimum wage in violation of the FLSA.

### 27.

Defendants knew, should have known, or exhibited reckless disregard as to whether their conduct was prohibited by the FLSA.

28.

Defendant's failure to pay Plaintiff in accordance with the federal minimum wage has caused Plaintiff to suffer monetary damages in the amount of Seven Thousand Five Hundred and 00/100 ($7,500.00) Dollars or such an amount as proved in open court.

29.

Plaintiff shows that under 29 U.S.C. § 216(b) Defendants are liable for liquidated damages in an additional and equal amount to be proved in open court, as well as attorney fees and other expenses of litigation.

## COUNT II – RECOVERY OF UNPAID OVERTIME WAGES

30.

Plaintiff adopts and realleges paragraphs one through twenty-nine of the Complaint herein and incorporates such paragraphs as if completely set forth.

31.

Pursuant to the FLSA employees falling under the statute's purview are entitled to receive overtime wages of one and one-half times their normal hourly wages for every hour worked in excess of 40 hours in a given week as defined in the Act.

32.

Plaintiff shows that during his employment with Defendants, he always worked in excess of 40 hours per week. However, Plaintiff was never compensated for hours worked in excess of 40 hours per week in accordance with the FLSA.

**33.**

Plaintiff shows Defendants failed to properly compensate him for overtime in accordance with the FLSA at a rate of the federal minimum wage plus one-half (time and one-half) as follows:

33.1  $7.73/per hour for overtime Plaintiff worked from March 2003 through December, 2007.

33.2  $8.71/per hour for overtime Plaintiff worked from January, 2008 through December, 2008.

33.3  $9.83/per hour for overtime Plaintiff worked form January, 2009 through December, 2014.

33.4  $10.88/per hour for overtime Plaintiff worked from January, 2015 through March, 2016.

**34.**

Defendants knew, should have known, or exhibited reckless disregard as to whether their failure to pay overtime to Plaintiff was a violation of the FLSA.

**35.**

Defendant's failure to pay Plaintiff overtime for hours worked beyond Forty (40) per week in accordance with the FLSA resulted in damages in the amount of Two Hundred Eight Thousand Eight Hundred Ninety Six and 00/100 ($208,896.00) Dollars or such amount as proved in open Court.

**36.**

Defendants have willfully and intentionally refused to pay Plaintiff the overtime wages he is due pursuant to the FLSA. Plaintiff shows that under 29 U.S.C. § 216(b) Defendants are liable

for liquidated damages in an additional and equal amount to be proved in open court, as well as attorney fees and other expenses of litigation.

## COUNT III – LIQUIDATED DAMAGES

### 37.

Plaintiff adopts and realleges paragraphs one through thirty-six of the Complaint herein and incorporate such paragraphs as if completely set forth.

### 38.

Plaintiff shows that Defendants intentionally violated the provisions of the FLSA by failing to pay Plaintiff at a regular time rate in accordance with the established federal minimum wage and failing to pay Plaintiff overtime at a rate of time and one-half.

### 39.

Plaintiff shows that Defendants are liable for liquidated damages in an additional and equal amount of his unpaid minimum wages and unpaid overtime wages, or Four Hundred Thirty Two Thousand Seven Hundred Ninety Two and 00/100 ($432,792.00) Dollars, in accordance with 29 U.S.C. § 216(b).

## COUNT IV – QUANTUM MERUIT

### 40.

Plaintiff adopts and realleges paragraphs one through thirty-six of the Complaint herein and incorporate such paragraphs as if completely set forth.

### 41.

During the term of Plaintiff's employment with Defendants, Plaintiff rendered work, labor, and services to Defendants, at the request and on behalf of Defendants, for which Defendants are obligated to pay Plaintiff the reasonable value of his services.

42.

Plaintiff shows that the Statute of Limitations does not apply to Quantum Meruit.

43.

The reasonable value for the above services performed by Plaintiff from March, 2003 through March, 2016, as measured by the established federal minimum wage and time and one-half, is Nine Hundred Eighty Two Thousand Six Hundred Twenty Two and 48/100 ($982,622.48)

44.

Plaintiff shows that the value of his personal time, in that he was working 24 hours per day and had no opportunity to engage in personal relationships with his family without interruption, should exceed the amount as measured by federal minimum wage and time and one-half in the preceding paragraph by factor of two (2) or, One Million Nine Hundred Sixty Five Thousand Two Hundred Forty Four and 96/100 ($1,965,244.96) Dollars.

45.

Plaintiff shows that during the term of his employment with Defendants, March 2003 through March, 2016 he was paid a total sum of One Hundred Forty Seven Thousand Two Hundred Sixty Eight and 51/100 ($147,268.51) Dollars.

46.

Plaintiff shows that considering the amount Defendants have paid to Plaintiff he has been damaged by the acts of Defendants in refusing to properly compensate him for work, labor, and services rendered from March, 2003 through March, 2016 in the amount of One Million Eight Hundred Seventeen Thousand Nine Hundred Seventy Six and 48/100 ($1,817,976.48) Dollars.

## COUNT V – STUBBORNLY LITIGIOUS

### 47.

Plaintiff adopts and realleges paragraphs one through forty-three of the Complaint herein and incorporate such paragraphs as if completely set forth.

### 48.

Plaintiff shows that Defendants have consistently refused to pay Plaintiff in accordance with the FLSA.

### 49.

Plaintiff shows that the Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff unnecessary trouble and expense. Plaintiff also shows that under OCGA 13-6-11 Plaintiff may receive, as part of the damages, an amount for the expenses of litigation to be proved in open court.

**WHEREFORE**, Plaintiff respectfully prays unto this Honorable Court as follows:

(a) That process issue and Defendants be served according to law;

(b) That Plaintiff be awarded his unpaid hourly wages in the amount of Seven Thousand Five Hundred ($7,500.00) Dollars in accordance with the FLSA Minimum Wage;

(c) That Plaintiff be awarded his overtime wages in an amount of Two Hundred Eight Thousand Eight Hundred Ninety Six and 00/100 ($208,896.00) Dollars pursuant to the FLSA, 29 U.S.C. § 207;

(d) That Plaintiff be awarded liquidated damages in the amount of Four Hundred Thirty Two Thousand Seven Hundred Ninety Two and 00/100 ($432,792.00)

Dollars or an amount to be proved at trial for Defendant's willful violation of the FLSA and in accordance with 29 U.S.C. § 216(b);

(e) That Plaintiff be awarded an amount of One Million Eight Hundred Seventeen Thousand Nine Hundred Seventy Six and 48/100 ($1,817,976.48) Dollars for the reasonable value of services performed for Defendant in all workweeks during his employment with Defendant;

(f) That Plaintiff be awarded his attorneys fees and expenses of litigation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(g) That Plaintiff be granted such other, further, and different relief this Honorable Court deems just, these premises considered.

Respectfully submitted this 2nd day of June, 2016.

MEACHAM & EARLEY, P.C.

_____
Christopher L. Meacham
Attorney for Plaintiff
Georgia Bar No. 500050

_____
Cody B. Gillies
Attorney for Plaintiff
Georgia Bar Number 415883

MEACHAM & EARLEY, P.C.
5704 Veterans Parkway
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064

## VERIFICATION

STATE OF GEORGIA

COUNTY OF MUSCOGEE

Personally appeared before me, the undersigned officer duly authorized to administer oaths in and for said State and County, **SHRIPAL D. SHAH**, after first being duly sworn, deposes and says that he is the Plaintiff in the foregoing captioned cause, and that the facts contained herein are true and correct.

_____
**SHRIPAL D. SHAH**
Plaintiff

Sworn to and subscribed before me this
____ day of _June_____, 2016.

_____
Notary Public
My Commission Expires: 10/21/16

Kelly D Edwards
Notary Public, Muscogee County, GA
My Commission Expires October 21, 20__

CFN: 20160016841   B: 638 P: 84   LIEN
06/02/2016 04:01:53 PM   Pages: 3
M. Linda Pierce Clerk of Superior & State Courts
Muscogee County County, GA

FILED IN OFFICE
2016 JUN -2 PM 3:51
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHRIPAL D. SHAH, | * |
| Plaintiff, | * |
| vs. | *   CIVIL ACTION FILE NO.: |
| GOVIND, INC. AND, | * |
| MINA A. DESAI, an individual, | * |
| Defendants. | * |

## NOTICE OF LIS PENDENS

**TO WHOM IT MAY CONCERN:**

The above case having been filed in this Court on the 2nd day of June, 2016, being currently pending, the Plaintiff above named files this Lis Pendens Notice that the above civil action concerns, in part, the real property described below, and that the Plaintiff demands that he have judgment establishing his title to said property against all the world as part of any final order entered by said Court:

See Attached Exhibit "A"

This **LIS PENDENS NOTICE** has been filed and recorded as provided by law.

This 2nd day of June, 2016.

MEACHAM & EARLEY, P.C.

_____
Christopher L. Meacham
Attorney for Plaintiff
Georgia Bar Number: 50050

_____
Cody B. Gillies
Attorney for Plaintiff
Georgia Bar Number: 415883

5704 Veterans Parkway
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064
(706) 596-0621 fax

EXHIBIT "A"

**PARCEL ONE:**

All that tract or parcel of land situate, lying and being in the State of Georgia, County of Muscogee and City of Columbus, and being in the Seventh Land District of said County and being known and designated as PART OF LOT NUMBERED EIGHT (8) in BLOCK LETTERED "B" of ESQUILINE VALLEY SUBDIVISION, as said lot is shown on a map or plat of said subdivision made by E. B. Respess, C. E., on June 8, 1938, and recorded in Plat Book 1, Page 58, in the Office of the Clerk of the Superior Court of Muscogee County, Georgia; said property herein conveyed being also shown on a map or plat made by Moon, Meeks & Patrick, Inc., under date of November 17, 1993, and recorded in Plat Book 124, Folio 92, in the Office of the aforementioned Clerk; the said part of said lot hereby conveyed being more particularly described within the following metes and bounds, to-wit: Beginning at an iron stake located where the southeastern line of Elvan Avenue intersects the southwestern line of Victory Drive, and running thence southwesterly, along the southeastern line of Elvan Avenue, 11.51 feet to another iron stake; thence running southwesterly, along the southeastern line of Elvan Avenue, a distance of 172.41 feet to another iron stake, which last mentioned iron stake marks the point of beginning of the tract or parcel of land herein conveyed; and from said last mentioned iron stake running thence south 66 degrees 24 minutes 49 seconds east, 199.36 feet to another iron stake; thence running south 23 degrees 36 minutes west, 50.06 feet to another iron stake; thence running north 66 degrees 40 minutes 16 seconds west, 199.36 feet to another iron stake located on the southeastern line of Elvan Avenue; thence running north 23 degrees 36 minutes east, along the southeastern line of Elvan Avenue, 50.95 feet to the beginning iron of the tract or parcel of land herein conveyed.

Located thereon is dwelling numbered 1650 Elvan Avenue, according to the present numbering of houses in Columbus, Georgia, plus a garage and metal building and other improvements.

**PARCEL TWO:**

All that tract or parcel of land situate, lying and being in the State of Georgia, County of Muscogee and City of Columbus, and being in the Seventh Land District of said County and being known and designated as Parts of Lots Numbered Nine (9) and Eight (8), in Block Lettered "B" of Esquiline Valley Subdivision, as said lots are shown on a map or plat of said Subdivision made by E. B. Respess, C.E., on June 8, 1938, and recorded in Plat Book 1, Page 58, in the Office of the Clerk of the Superior Court of Muscogee County, Georgia; said property herein conveyed being also shown on a map or plat made by Moon, Meeks & Patrick, Inc., under date of November 17, 1993, and recorded in Plat Book 124, Folio 99, in the office of the aforementioned Clerk; the said Parts of said lots hereby conveyed being more particularly described within the following metes and bounds, to-wit: Beginning at an iron stake located where the southeastern line of Elvan Avenue intersects the southwestern line of Victory Drive, and running thence southwesterly, along the southeastern line of Elvan Avenue, 11.51 feet to another iron stake; thence running southwesterly, along the southeastern line of Elvan Avenue, a distance of 223.36 feet to another iron stake, which last mentioned iron stake marks the point of beginning of the tract or parcel of land herein conveyed; and from said last mentioned iron stake running thence south 66 degrees 40 minutes 16 seconds east, 199.36 feet to another iron stake thence running south 23 degrees 36 minutes west, 60.0 feet to another iron stake, thence running north 66 degrees 40 minutes 16 seconds west, 199.36 feet to another iron stake located on the southeastern line of Elvan Avenue; thence running north 23 degrees 36 minutes east, along the southeastern line of Elvan Avenue, 60.0 feet to the beginning iron of the tract or parcel of land herein conveyed.

Located thereon is a garage building and other improvements known as 1654 Elvan Avenue, according to the present numbering of building in Columbus, Georgia.

The property above described is hereby conveyed subject to all valid and enforceable easements of record or in place applicable thereto; and subject, also, to all valid and enforceable zoning ordinances and regulations applicable thereto so long as said ordinances and regulations remain in force and effect.