# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into between Shripal D. Shah, and Govind, Inc. and Mina A. Desai, individually, and are sometimes collectively referred to herein as "the Parties" or individually as "Party."

## Recitals

**A.** Shripal D, Shah filed a lawsuit against Defendants June 2, 2016 in the Superior Court of Muscogee County, Georgia, CA No SU-16-CV-1621-08. It was timely removed to the United States District Court for the Middle District of Georgia (the "Lawsuit") pleading jurisdiction based on federal question and invoking ancillary jurisdiction on state claims sounding in contract and tort. In the Lawsuit, Plaintiff asserts, *inter alia*, that he was not paid overtime and/or minimum wage earned and due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**B.** Defendants have denied and continue to deny liability to Shah for the matters alleged or which could have been alleged in the Lawsuit.

**C.** The Parties desire to settle this Lawsuit and any other claims Shah may have against Defendants upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings by Shah that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

**D.** Defendants are willing to provide Shah with certain considerations described below, which they are not ordinarily required to, provided Shah dismisses the Lawsuit with prejudice, releases Defendants from any and all claims Shah has made or might make arising out of or relating any way to his employment with Govind, Inc., and agrees to comply with the other promises and conditions set forth within this Agreement.

## Agreement

**1. Recitals:** The Parties acknowledge that the Recitals above are true and correct,

1

and are incorporated herein as material parts to this Agreement.

2. **"Govind" Defined:** Throughout this Agreement, the term "Govind" and "Defendants" shall encompass the following: (a) Govind, Inc., and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; (b) Mina A. Desai, individually, and (c) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, beneficiary, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by this definition, and all persons acting by, through, under or in concert with any of the above, whether past, present or future.

3. **Court Approval:** All Parties agree that, upon execution of this Agreement and the expiration of the seven (7) day Revocation Period, outlined in Paragraph 33 of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom the Lawsuit is pending for the purpose of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201, *et seq.* If the District Court does not approve this Agreement, it shall be void *ab initio*. The Parties agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement, files the Agreement and related documents under seal, and dismisses the Lawsuit with prejudice, with each side to bear their own costs, expenses, and attorneys' fees, except as otherwise provided herein. The Parties acknowledge and agree that this Agreement and the settlement terms provided herein are expressly contingent upon the Court's approval of the settlement and dismissal of the Lawsuit with prejudice.

4. **Dismissal of the Lawsuit with Prejudice:**
   (a) Following the execution of this Agreement, the expiration of the seven (7) day Revocation Period, outlined in Paragraph 33 of this Agreement, and judicial approval of this Agreement, Shah's counsel will execute, and Defendants' counsel shall cause to be filed, a Stipulation of Dismissal with Prejudice with the Court.

   (b) Plaintiff represents that, as of the date Plaintiff executes this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against Govind, as defined herein, in any federal, state or local court or agency other than the Lawsuit. Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against Govind, as that term is defined herein. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking

2

relief against Desai based on claims released by this Agreement.

**5. Settlement Consideration:** In exchange for the promises set forth in this Agreement, Govind shall pay the gross sum of Thirty Thousand Dollars and 00/100 ($30,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

To Shah in the amount of Fifteen Thousand Dollars and 00/100 ($15,000.00), less all legally required withholding taxes and payroll deductions (calculated based on the Form W-4 already on file for Shah), as payment for claimed but disputed lost wages, for which Govind will issue or cause to be issued to Shah an IRS Form W-2. This amount is comprised of claimed back pay damages as well as overtime pay, represents a compromise of disputed issues, and is thus a reasonable allocation to lost wages.

To Shah Fifteen Thousand Dollars and 00/100 ($15,000.00) as payment for claimed but disputed non-wage damages, from which no withholdings will be made and for which Govind will issue or cause to be issued to Shah an IRS Form 1099. This amount is comprised of claimed liquidated damages and also represents a compromise of disputed issues. This amount is a reasonable allocation to liquidated and other non-wage damages.

Because the payment of liquidated damages is mandated by the FLSA, $15,000.00 is a reasonable allocation to liquidated and other non-wage damages.

The Parties agree that the amount specified herein is for wage and non-wage damages allegedly suffered by Shah. Based on representations by Shah, the Parties agree that this is a fair and reasonable apportionment of this settlement amount. In paying this amount, Govind makes no representation as to the tax consequences or liability arising from said payment. To this extent, Shah acknowledges and agrees that he shall be solely responsible for and will pay any and all taxes that may be determined to be owed by Shah in connection with this payment and any other payments provided for within this Agreement.

Govind, Inc. shall provide the consideration identified in this Paragraph to Shah's counsel within fifteen (15) business days after receiving all of the following items: (1) a facsimile of this Agreement appropriately signed and dated by Shah; (2) an Order from the Court approving the settlement and this Agreement between the Parties; and (3) an Order from the Court dismissing, with prejudice, any and all claims asserted in the matter of Shripal A. Shah v. Govind, Inc. d/b/a Govind and Mina A. Desai, Case No. 4:16-cv-306 CDL.

3

6. **Tax Liability:** In paying the amount specified in Paragraph 5, Defendants make no representation regarding the tax consequences or liability arising from said payments. Shah understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due. Defendants have no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in this Agreement to Shah as required by its terms). Shah agrees to bear all tax consequences, if any, attendant upon the payment to him of the Settlement Proceeds. Shah further agrees to hold Defendants harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the Settlement Proceeds. In the event Defendants receive written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Defendants, Defendants shall promptly, after receipt of such written notice, notify Shah by letter sent to counsel for Shah.

7. **No Re-Employment:** Shah permanently, unequivocally, and unconditionally waives any and all rights he may now have, may have had in the past, or may have in the future to obtain or resume employment with Govind. Shah agrees never to apply for employment with Govind. In the event that Shah is ever mistakenly employed by Govind, Shah agrees to have his employment terminated with no resulting claim or cause of action against Govind, its parent, successors, affiliates, and/or subsidiaries. Shah acknowledges and agrees that he has no right to employment or re-employment with Govind and Govind may legally refuse to employ him. In addition, Shah agrees and promises that he will not ever be present at, visit in person, or otherwise set foot on any Govind owned property.

8. **Neutral Employment Reference:** Upon inquiry by any prospective employer of Shah, Govind will provide only dates of employment, rate(s) of pay, and position held by Shah. Shah shall direct prospective employers to contact Govind's agent, Ashok Desai, for references.

9. **Shah's General Release and Waiver of Claims:** Upon receipt of the payments described herein, Shah (for himself, his agents, attorneys, successors and assigns, heirs, executors, and administrators) releases and discharges Defendants from any claims which were or which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date he executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with his

4

employment with Govind, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment, any property left in the possession of Govind, and/or any other interaction with Defendants, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; (b) The Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*; (c) The Equal Pay Act of 1963, as amended, 29 U.S.C. § 206, *et seq.*; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*; (f) the National Labor Relations Act, as amended, 29 U.S.C. § 151, *et seq.*; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, *et seq.*; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681, *et seq.*; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*; G) the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*; (k) The Occupational Safety and Health Act, as amended, 29 U.S.C. § 651, *et seq.*; (1) the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); (m) the Older Worker Benefit Protection Act; (n) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (o) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Paragraph 5; (p) breach of contract; (q) intentional infliction of emotional distress; and (r) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Shah further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Shah further covenants and agrees not to accept, recover, or receive any back pay, front pay, liquidated damages, other damages, or any form of relief based upon any claims that have been asserted or could have been asserted or settled in this Lawsuit that may arise out of, or in connection with, any other individual, class, or administrative remedies pursued by any federal, state, or local governmental agency against Govind. Finally, the above release excludes any other claim which cannot be released by private agreement.

This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be

interpreted to waive, release, or extinguish any rights that - by express and unequivocal terms of law - may not under any circumstances be waived, released, or extinguished.

10. **Affirmations:** Shah represents and affirms that, other than this Lawsuit, he has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendants with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Shah further represents and affirms as a material term of this Agreement that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to him, except as provided for in this Agreement.

11. **Company and Personal Property:** Shah affirms that he has returned all equipment, documents, memoranda, records, files, notes, diskettes, credit cards, keys, computers, and any other matter or materials (from whatever source, including information electronically stored) that is the property of, or that was purchased or provided by, Govind, including any copies of the foregoing.

12. **Confidentiality:** In consideration of the obligations under this Agreement, the Parties agree that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that the Parties nor their heirs, agents, executors, administrators, attorneys, legal representatives, or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former employees of Govind, under any circumstances, except that Govind may disclose the terms and conditions of this Agreement to its employees, consultants, or contractors with a need to know. The Parties further agree that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, even if the Court will not designate the Agreement or the settlement terms and conditions hereof confidential in the court record. The Parties may disclose the terms of this Agreement to their attorneys, accountants, tax advisors, the Internal Revenue Service, or as otherwise required by law, or as required in response to an investigation by any federal or state agency.

If either Party is required to disclose this Agreement or its terms pursuant to court order and/or subpoena, that Party shall notify the other Party, in writing via facsimile or overnight mail, within 48 hours of the Party's receipt of such court order, subpoena, or inquiry by a state or federal agency and simultaneously provide

the other Party with a copy of such court order, subpoena, or inquiry by a state or federal agency. The notice shall comply with the notice requirements set forth below in Paragraph 15. The Parties agree to waive any objection to the other Party's request that the document production or testimony be done in camera and under seal.

The Parties agree that the terms of this Paragraph and all of its subparts are a material inducement for the execution of this Agreement. Any disclosure or dissemination, other than as described above will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages.

**13. Mutual Non-Disparagement:** Shah agrees that he will not make statements to customers, vendors, or suppliers of Govind, or to other members of the public, or to Govind's current or former employees, that are in any way disparaging or negative towards Govind, its services, or its representatives or employees. Defendants agree that Govind's owner, Mina Desai, will not directly or through others make statements to customers, vendors, or suppliers of Govind, or to other members of the public, or to Govind's current or former employees, that are in any way disparaging or negative towards Shah. Nothing in this Agreement shall prevent the Parties from truthfully testifying under oath or providing truthful information in response to a lawfully issued subpoena or other legal process or cooperating in any governmental investigation as described in Paragraph 12.

**14. Release of Lis Pendens lien**. Shah having filed a lis pendens lien encumbering property of Govind, Inc. in Muscogee County, Georgia and the Superior Court of Muscogee County having declared the same vacated by stipulation, then Shah shall take immediate steps to cancel such lien upon the records of the Superior Court of Muscogee County.

**15. Notice Requirements:** Any notice ("Notice") provided for under this Agreement must comply with the requirements as set forth in this Paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate Party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any Notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.

Any Party shall have the right from time to time to change the address or individual's attention to which Notices to it shall be sent by giving to the other Party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

>Govind, Inc. or Mina A. Desai
>C/O John W. Roper
>The Roper Law Firm
>233 12th Street, Suite 602
>Columbus, GA 31901
>Telephone: (706) 596-5353
>Facsimile: (706) 596-5383
>Email: johnroper@roperlaw.com

>Shripal A. Shah
>C/O Christopher L. Meacham
>Cody B. Gillies
>MEACHAM & EARLEY, P.C.
>5704 Veterans Parkway
>P. O. Box 9031
>Columbus, Ga 31904
>Telephone: (706) 576-4064
>Email: clmeacham@mejlaw.net
>         cgillies@mejlaw.net

**16. No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

**17. Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**18. Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Shah agrees not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged. The Parties acknowledge that only Mina A. Desai

has the authority to modify this Agreement on behalf of Govind.

**19. Successors:** This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Govind and each past, present, or future employee, agent, representative, officer, or director of Govind and any division, subsidiary, parent, or affiliated entity.

**20. No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

**21. Mediator:** The Parties acknowledge that this matter has been resolved through participation in mediation on April 6, 2017 with Lee A. Parks, Esq., Mediator, at his offices in Atlanta, Georgia. The parties further agree that Lee A. Parks, Esq. has provided valuable services. Accordingly, Defendants agree to pay the fee charged by Lee A. Parks, Esq. in connection with this service upon presentation of invoice.

**22. Arbitration of terms of this agreement.** Lee A. Parks, Esq. has agreed to serve as arbitrator in any disputes concerning the validity, legality or construction of any terms or provisions. Accordingly, should such dispute (s) arise, the parties shall promptly communicate with Parks to obtain such servicers.

**23. Defendants' General Release and Waiver of Claims:** Upon the Court's entry of an Order approving this Agreement, as described in Paragraph 3 herein, Defendants release and discharge Shah and his agents, attorneys, successors and assigns, heirs, executors, and administrators, from any claims which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date Defendants execute this Agreement, and waive all claims relating to, arising out of, or in any way connected with Govind's employment of Shah and/or any other interaction with Shah.

**24. Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of Defendants to Shah, except that it shall not supersede any agreement related to confidential and proprietary information, inventions, patents and copyrightable works. Shah

9

acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**25. Severability:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision, or covenant and proceed to enforce those terms as so limited or modified.

**26. Applicable Law:** This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

**27. Non-Waiver:** The waiver by any Party or Parties of a breach of any provision of this Agreement by any other Party or Parties shall not operate or be construed as a waiver by the non-breaching Party or Parties of any subsequent breach by the breaching Party or Parties.

**28. Counterparts and Right:** This Agreement may be signed in counterparts, which together shall constitute one agreement. If this Agreement is signed in counterparts, no signatory hereto shall be bound until all Parties named below have duly executed, or caused to be duly executed, a counterpart of this Agreement. Copies, facsimiles, and emails containing an executed copy of the Agreement shall be equivalent to originals with respect to this Agreement.

**29. Effective Date:** The "Effective Date" of this Agreement is the eighth day after the date that Shah signs the Agreement.

**30. Complete Agreement:** This Agreement sets forth the complete agreement between the Parties.

**31. Compliance with Older Workers Benefit Protection Act:** Shah, being 40 years of age or older, is advised of and acknowledges the following:

Twenty-One Day Consideration Period. Shah shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing it below, and returning it to Defendants' counsel, as identified in Paragraph 15. During this twenty-one (21) day period and before signing this Agreement, Shah is encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at his own expense. The terms and provisions of this Agreement are null and void if not accepted by Shah within the twenty-one (21) day period. Shah may sign the Agreement prior to the conclusion of the twenty-one (21) day period.

**32. Release of Age Discrimination in Employment Act Claims.** By signing this Agreement, Shah waives any claims she has or might have against Defendants under the ADEA that accrued prior to the date of Shah's execution of the Agreement.

**33. Revocation Period.** Shah shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying Defendants in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to Defendants in the manner prescribed by Paragraph 15 above, and must be postmarked within seven (7) calendar days of Shah's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

SHAH IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

SHAH AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO

CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

Shripal D. Shah

*[signature]*

Dated 4/24/17

GOVIND, Inc.

*[signature]*

By: M.A. Desai

Title: CEO

Dated: 4/26/17

Mina A. Desai

*[signature]* M.A. Desai

Dated: 4/26/17

APPROVED AS TO FORM:

*[signature]*

Christopher L. Meacham or
Cody B. Gillies
Counsel for Shripal D. Shah

*[signature]*

John W. Roper
Counsel for Defendants